Booth, Chief Justice,
delivered the opinion:
This is .a suit by a commissioned warrant officer .of the Navy for the pay and allowances alleged to be due him under the act of. Juné 10, 1922, for the period from June 8, 1926, to February 15, 1929. The pay claimed amounts, to $1,458.02.
The act of June 10, 1922 (42 Stat. 625, 627), so far as here involved, provides as follows :
“Commissioned warrant officers on the- active list with creditable records shall, after six years’. commissioned service, receive the pay of the second period, and after- twelve years’ commissioned service, receive the pay. of the third period.”
The facts establish that on June 7, Í926, the plaintiff was a commissioned warrant officer who had completed six years’ active commissioned service in the Navy, and under the quoted .act of June 10, 1922, would have been entitled to the advance pay of the second period, for the time claimed herein, if his longevity service had been creditable.- However, during the entire period of his service -the plaintiff failed to receive a finding or certificate from the Secretary of the Navy that his service was creditable until,,as set forth in Finding III, June 13, 1929. On June 13, 1929/ the plaintiff did receive from the Secretary of the Navy a certificate of creditable service, which, among other matters, informed him that he was entitled to the pay of the second period under the act of February 16, 1929. The act of February 16, 1929 (45 Stat. 1187), in so far as herein applicable, is as follows:
“Commissioned warrant officers with creditable records on the active list shall receive pay as follows: During the first ten years of commissioned service, the pay of the second period. * * *”
It is apparent, and no contention is advanced to the contrary, that two essential acts were indispensable to-plaintiff’s pay rights under the act of June 10, 1922, i. e., the requisite service and the certification of a creditable record. The plaintiff unquestionably had the requisite longevity service but failed to procure a certificate of creditable service; in fact, the record of his service was such that he failed of promotion before several promotion boards, ea,ch. of whom *345 with the approval of the Secretary declined to accord him a creditable record.
Plaintiff argues that the proceedings of the boards mentioned in Finding III have no place in either the findings- or the adjudication of :this case; that they relate-exclusively to ■ plaintiff’s right to' promotion .-under applicable statutes, and not to. pay. . It is true that the examining board’s findings resulted .in a negative recommendation as to plaintiff’s promotion in the service, but it is also true that the direct issue of the .character. of plaintiff’s service was primarily involved and the- fact of its creditability or incredit-ability a vital .fact:to be found. If then, as we view it, the Secretary of the. Navy approved the findings of the examining board, the.fact.that he,did so is in itself sufficient to establish beyond doubt: that.in so far as the requisite certification of a creditable record;under the act of June 10,1922, is concerned-, the plaintiff not only failed to procure such a certificate, but was not entitled to receive it. . The Naval Examining Board, in considering plaintiff’s service, was acting.under Section ■1505, Revised:Statutes,- as amended by the act of March 11, 1912. (37 Stat! 73), which provided in terms as follows: -
“Séc. 1505. -Any officer of the Navy on the active list below the rank; of commander who, upon examination for promotion, • is found not professionally qualified,- shall be suspended from promotion for a period of six months from the date of approval of said examination, and shall suffer a loss of numbers equal to the average six months’ rate of promotion to the grade for which said officer is undergoing examination during the five fiscal years next preceding the date of approval of said examination, and upon the termination of said suspension from promotion he shall be reexamined, and in case of his failure upon such reexamination he shall be dropped from' the service with not more than one year’s pay: Provided] That the provisions of this act shall be effective from and after • January first, nineteen hundred and eleven.” '
Congress did not intend by the pay provisions of the act of June 10, 1922, to advance the pay of the plaintiff upon any other conditions than the requisite creditable longevity service, a matter of fact easily to be ascertained as such in accord with the terms of the statute. It is nowhere asserted or claimed in- the record or argument that as a matter of fact plaintiff’s service record was creditable during the period *346 involved. Plaintiff’s contention is predicated upon the correspondence set out in Finding III, and from the contents of the letters passing between the plaintiff and the Secretary we are asked to hold that the certification of a creditable record under the act of February 16, 1929 (supra), had the legal effect of not only giving the plaintiff the pay of the second period which he has received from that time forward under the act of 1929, but operated to accord him what he failed to receive under the act of June 10, 1922, i. e., a certificate of creditable record. In other words, it is admitted that to accomplish this effect we must treat the certificate of June 13, 1929, as in some manner reversing any previous finding of a former Secretary of the Navy to the contrary, or give it the retroactive effect of supplying an essential but omitted condition precedent to plaintiff’s right to recover under the act of June 10, 1922. The certification as to a creditable record, of July 26, 1929, is in general terms; it is not specifically limited to any period of time. The Secretary simply says in effect “ your record is creditable, ” and follows this with an exemplification of what the record discloses as to the length of plaintiff’s service prior to June 7, 1926. What was certified to on July 26, 1929, must be read in connection with what was said on June 13, 1929, and the intervening inquiry of the plaintiff. The Secretary was not intending, nor did he have the authority, to pass upon plaintiff’s legal right to the pay of the second period under the act of June 10, 1922. The important matter, important to the plaintiff, was the fact that the Secretary certified sufficient facts which entitled him under the act of 1929 to the pay of the second period, and thereafter when interrogated by the plaintiff he responded by the general finding that “your record is creditable,” a fact which he had previously found under the act of 1929, and that the records of the department disclosed “six years’ commissioned service period to June 7, 1926,” another fact about which there had never been any dispute. If by this correspondence the Secretary intended to give the plaintiff the pay benefits of the act of June 10, 1922, he would have doubtless received the same without immediate controversy. The failure of the plaintiff to establish or receive a certificate of a creditable record on June 7, 1926, the date when such a certificate was *347 essential to bring him within the pay provisions of the act of June 10, 1922, precluded him from receiving the benefits of that act, and to hold that from June 7, 1926, to June 13, 1929, plaintiff was entitled to the pay herein claimed would be the equivalent of subverting the intention of the express provisions of the pay statutes and award the plaintiff advanced pay for a period of time when manifestly the department was unwilling to certify that his service record was creditable. The case, in our opinion, does not involve a reversal of the ruling of a predecessor by a succeeding Secretary. No mistake is alleged; no reference to any previous rulings made; no fact set up which in any way challenges the facts of service. All that is relied upon by the plaintiff is the retroactive effect of a certificate issued three years subsequent to the date when one should have been issued in order to entitle the plaintiff to the pay claimed under the act of June 10, 1922, and at a time when the pay provisions of the act of 1922 had been changed by the act of 1929.
The Secretary of the Navy, for the first and only time, in 1929 certified to the record of the plaintiff, and by so doing brought him within the pay statute then in force, i. e., the act of February 16, 1929, and from that date forward he has received pay as the act of 1929 provides. There is nothing in the record, so far as we are able to analyze it, that warrants a holding to the contrary. The petition will be dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Green, Judge, concur.