Booth, Chief Justice,
delivered the opinion of the court:
The facts as to plaintiff’s service in the Navy appear in - detail in the findings. The one legal question involved relates exclusively to whether a certificate of creditable record as to his service issued by the Secretary of the Navy on De- • cember 3, 1930, operates retroactively and entitles plaintiff to receive increased longevity pay for a period of time when . no such certificate was in existence.
*346 The applicable pay statutes we quote:
“ Commissioned warrant officers on the active list with creditable records shall, after six years’ commissioned service, receive the pay of the second period, and after twelve years’ commissioned service, receive the pay of the third period.” [Italics ours.] (Act of June 10, 1922, 42 Stat. 625, 627.)
“ Commissioned warrant officers with creditable records on the active list shall receive pay as follows: During the first ten years of commissioned service, the pay of the second period; after ten years of commissioned service, the pay of the third period; after twenty years of commissioned service, the pay of the fourth period.” (Act of February 16, 1929, 45 Stat. 1187, amending the act of June 10, 1922. i
The plaintiff entered the Navy as an enlisted man in 1911. In 1919 he was appointed assistant naval constructor, with the rank of lieutenant, junior grade. In 1921 he became a commissioned warrant officer, and is now serving as a chief warrant officer. It is conceded that on May 14, 1925, plaintiff had completed six years of commissioned service, and that he would have been entitled to receive the increased pay provided for in the act of June 10, 1922 (swprai), if he had received a certificate of “ creditable record ” for such service. It is also true that on May 14, 1929, plaintiff completed ten years of commissioned service and would have brought himself within the pay provisions of the act of February 16,1929 {supra), if he had obtained a certificate of “ creditable record ” for such service. The plaintiff did not receive from the Secretary of the Navy a certificate of creditable record applicable to his service until December 8, 1930, and since said date he has received the increased pay provided for in the quoted statutes.
This suit is for the recovery of the increased pay amounting to $6,039.10, which would have been due him from May 14, 1925, to December 3, 1930, under the acts set forth, and is based upon a contention that during this period of time there existed no certificate emanating from a legal source that his services were not creditable and that the action of the Secretary of the Navy of December 3, 1930, certifying that his record of service, is creditable, covers the entire period of the same, retrospectively as well as prospectively.
*347 The plaintiff objects to the court including in its findings, •as requested by the defendant, any reference to the findings •and report of a naval board which had under consideration the investigation of the character of plaintiff’s service during this period of time. We think the objection is untenable. ■Court martial proceedings are authentic records of the Navy Department, and in this instance relate exclusively to plaintiff’s service. The Secretary of the Navy transmitted to the Naval Examining Board the plaintiff’s record of service, and iby an official document charged the board with the duty of carefully examining the papers in each case transmitted and •“ return them to the Department (Bureau of Navigation) with the usual written certificates relative to the creditability or noncreditability of record of each officer.”
As a matter of routine administration, this court knows that the Secretary of the Navy cannot himself examine each case like the present one and pass thereon. This is evidenced by ■the fact that along with the letter of transmission to the board in this case numerous other officers were included, and the .annual accumulation of longevity periods of service would •exact of the Secretary a personal duty involving a period of time which with his other duties would seriously retard his ■administration of the Department.
We say this because the plaintiff relies implicitly upon Section 1505, Revised Statutes, as amended by the act of March 11, 1912 (37 Stat. 73), as defining the jurisdiction of the examining board, and insists that whatever findings it made with reference to plaintiff’s service record possess no legal effect and cannot possibly serve as a certificate of noncredit-ability, for the plaintiff was not an applicant for promotion and his professional qualifications were not involved.
If it were essential for the defendant to establish the fact of noncreditability so far as plaintiff’s record is concerned, the contention of the plaintiff with respect to the findings of the examining board would have important weight. However, the burden of establishing a creditable record is upon the. plaintiff. The pay acts do not require a certificate of noncreditability; each requires a finding of creditable service. The finding to be made is a positive and not a negative one. *348 The purpose of the latter is simply to acquaint the Secretary with the record, and in this case, whatever else may be said,. the Secretary by nonaction did at least by inference acquiesce • therein, for he made no contrary finding until December 3,. 1930.
No authority of law or regulation of the Navy Department is cited which precluded the Secretary of the Navy of his own motion from referring to the examining board, the investigation, determination, and report of plaintiff’s service record, notwithstanding the board’s jurisdiction under section 1505, Revised Statutes. The Secretary was. at liberty to approve, disapprove, or remain silent, as he did, with respect to the board’s findings, and it may not be ■ contended that every step in the proceedings which affected the plaintiff’s record is not a part of the transaction, to. which the court is entitled in reaching a decision of the-case.
The record of the Navy Department is the evidence we-have in the case, and what we have said is confirmed by the ■ fact that in this case the Secretary of the Navy directed the examining board to report to the Bureau of Navigation and not to him direct, and we think the board’s finding is-material to the extent it reflects the character of the plaintiff’s service, a matter referred to the board by the Secretary with instructions to investigate and report on this fact..
The plaintiff asks for the insertion in the findings of a letter from the Chief of the Bureau of Navigation to the-officer, in which an opinion as to the legal effect of the board’s determination with respect to his service is expressed. Assuredly the plaintiff would not and does not insist that this document binds the court or that such a solicited inter partes communication is admissible in evidence.
We come then to the real and debatable issue in the case,, and it must be approached with the axiomatic legal principle in view, i. e., that in the absence of words or a clear-intent derivable therefrom to the contrary, retroactive effect is not to be given to the pay statutes involved, or the findings of the Secretary. The plaintiff upon two different dates became eligible to advanced longevity pay, subject to *349 a condition precedent, and the reason for refusing the same is evident from the record. The reward of increased pay which the laws bestow upon an officer was predicated not alone upon the length but the character of the service, and until the conditions of the statutes are met the future pay period does not begin.
If in this case retroactive force is to be given the finding; of the Secretary made in December 1930, we necessarily accord to one under sentence of a courtmartial and in course-of discharging the penalty imposed by the same, advanced longevity pay during practically the entire period prescribed by the courtmartial sentence within which he may meet and discharge the penalty imposed for departure from established, requirements of faithful service. We say this because on May 15, 1925, the plaintiff was conditionally eligible to advanced longevity pay, and the sentence of the courtmartial took from plaintiff’s current pay fifty dollars per month for-twenty-four months, from April 13, 1925. In other words,, a two-year penalty is practically recouped by advanced longevity pay to which the plaintiff was in fact not entitled,, and the courtmartial proceedings nullified. This result we-believe the pay statutes did not contemplate nor intend.
The plaintiff, as previously observed, has received the advanced pay due him from December 3, 1930, and it may well be that because of a character of service subsequent to the-derelictions noted, the Department believed advanced pay-should no longer be denied him. There is, however, no fact of record which would warrant the court in concluding that any other or greater effect was intended to be given to the-certificate of December 3, 1930.
This court in the Jahnke case, 74 C. Cls. 341, had before-it a case similar to the one in suit, and in that case we decided the issue in accord with our decision herein. The-Jahnlce case was succeeded by the McEvoy case, 74 C. Cls. 691, involving the same question, and in our opinion the-plaintiff is not entitled to recover, and the petition will be dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge;- and GkeeN, Judge, concur.